UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Baltimore Field Office<br>10 S. Howard Street, Third Floor<br>Baltimore, Maryland 21201 | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. |
|        Plaintiff,<br>   v. | )<br>)<br>)<br>) | COMPLAINT<br>JURY TRIAL DEMAND |
| GMRI, Inc.<br>d/b/a Red Lobster,<br>2314 N. Salisbury Blvd.<br>Salisbury, MD 21801 | )<br>)<br>)<br>)<br>)<br>) | |
|        Defendant. | )<br>) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 against GMRI, Inc., ("Defendant Employer") to correct unlawful employment practices that discriminate based on sex and to provide appropriate relief to former employees Valerie Serman and Racheal Cox and a class of similarly situated female employees who were adversely affected by such practices. As alleged with greater particularity in paragraphs 7-12, Defendant Employer subjected Serman, Cox and a class of similarly situated female employees to a sexually hostile work environment at its Salisbury, Maryland, Red Lobster Restaurant based on the conduct of its former Managers.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII")

and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f)(1) and (3).

4.      At all relevant times, Defendant Employer, GMRI, Inc. (a subsidiary of Darden Restaurants, Inc.) d/b/a Red Lobster ("Red Lobster"), has continuously been and is now a Florida corporation doing business in Salisbury, Maryland (Wicomico County) and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Valerie Serman and Racheal Cox filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least March 2007, Defendant Employer has engaged in unlawful employment practices at its Salisbury, Maryland restaurant in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Valerie Serman, Racheal Cox, and a class of

similarly situated female employees to a sexually hostile and offensive work environment primarily by Defendant's former Culinary Manager, Ryan Fisher.

8.      As a Culinary Manager, Fisher had supervisory authority over Serman, Cox, and other similarly situated female employees at Defendant's Salisbury, Maryland, Red Lobster restaurant.

9.      Fisher's sexual harassment of Serman, Cox, and other similarly situated female employees at Defendant's Salisbury, Maryland, Red Lobster restaurant includes, but is not limited to, the following:

(a)      Frequent sexual touching of female employees, including but not limited to grabbing and groping them; pressing his groin against them; lifting them; brushing and rubbing against them; attempting to kiss them; and biting and licking them.

(b)      Frequent sexual comments, including but not limited to, statements about his penis; about female employees' bodies, including their breasts and backsides; and about his sexual fantasies about female employees.

(c)      Frequent sexual advances towards female employees, including but not limited to asking female employees for dates; and soliciting female employees to have sex with him, including anal sex and threesomes; and

(d)      Other vulgar sexual conduct, including but not limited to, pressing his pants across his crotch so that female employees would see the outline of his penis.

10.     Defendant knew or should have known about the sexually hostile work environment because Fisher's conduct was open and notorious and occurred on a frequent and routine basis over a substantial period of time and/or because Serman complained to her General Manager Michael Mannion about the hostile work environment, who also condoned it.

11.     General Manager Mannion himself had a history of making sexually charged and vulgar comments about the female staff.

12.     Defendant allowed the sexually hostile work environment to persist despite being

3

on notice of it.

13.    The effect of the practices complained of in paragraphs 7-12 above has been to deprive Serman, Cox, and a class of similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

14.    The acts complained of in paragraphs 7-12 above were intentional.

15.    The unlawful employment practices complained of in paragraphs 7-12 above were done with malice or with reckless indifference to the federally protected rights of Serman, Cox, and a class of similarly situated female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, and any other employment practice which discriminates on the basis of sex.

B.    Order Defendant Employer to institute and carry out policies, procedures, and programs which provide equal employment opportunities for its employees, which provide for a harassment-free work environment, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

D.    Order Defendant Employer to make whole Serman, Cox, and a class of similarly situated female employees by providing compensation for past and future pecuniary losses

4

resulting from the unlawful employment practices described in paragraph 7-12 above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

E.    Order Defendant Employer to make whole Serman, Cox, and a class of similarly situated female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7-12 above, including pain and suffering, humiliation, embarrassment, anxiety and inconvenience, in amounts to be determined at trial.

F.    Order Defendant Employer to pay Serman, Cox, and a class of similarly situated female employees punitive damages for its malicious and reckless conduct described in paragraphs 7-12 above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
WASHINGTON, D.C.

_____/s/_____
DEBRA M. LAWRENCE
Regional Attorney
Bar. No. 04312
(signed by Maria Morocco with permission
of Debra M. Lawrence)

_____/s/_____
MARIA LUISA MOROCCO
Supervisory Trial Attorney
Maria.Morocco@eeoc.gov
Bar No. 24357

EEOC, Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, MD 21201
(410) 209-2730

_____/s/_____
IRIS SANTIAGO- FLORES
Senior Trial Attorney
Iris.Santiago-Flores@eeoc.gov
(signed by Maria Morocco with permission
of Iris Santiago-Flores)

EEOC, Philadelphia District Office
801 Market Street,
Penthouse, Suite 1300
Philadelphia, PA 19107-3127
(215) 440-2684(direct)
(215) 440-2828(fax)

6