```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

EQUAL EMPLOYMENT OPPORTUNITY    *
COMMISSION
              Plaintiff         *

         vs.                    *   CIVIL ACTION NO. MJG-13-2860

GMRI, INC. d/b/a RED LOBSTER    *

              Defendant         *

*      *      *      *      *      *      *      *      *
```

MEMORANDUM AND ORDER RE: PARTIAL DISMISSAL

The Court has before it Defendant's Partial Motion to Dismiss Plaintiff's Complaint [Document 12] and the materials submitted relating thereto. The Court finds a hearing unnecessary.

I.   BACKGROUND[1]

At all times relevant hereto, Defendant GMRI, Inc. d/b/a Red Lobster ("Red Lobster") has owned and operated a restaurant in Salisbury, Maryland. "Since at least March 2007," Red Lobster has "subject[ed] Valerie Serman, Racheal Cox, and a class of similarly situated female employees to a sexually hostile and offensive work environment" at its Salisbury restaurant, primarily through the actions of Ryan Fisher, the former Culinary Manager. Compl. ¶ 7.

Fisher's alleged sexual harassment of Valerie Serman ("Serman"), Racheal Cox ("Cox"), and the other similarly situated

---

[1]   The "facts" herein are as alleged by Plaintiff and are not necessarily agreed upon by Defendant.

female employees, included, but was not limited to, frequent:

- "sexual touching of female employees," such as grabbing, groping, biting, and licking;

- sexual comments, such as statements about sexual fantasies about the female employees;

- "sexual advances towards female employees," such as "soliciting female employees to have sex with him; and

- "[o]ther vulgar sexual conduct."

Id. ¶ 9.

Serman complained to Michael Mannion, the General Manager at the Salisbury restaurant, about Fisher's conduct and the hostile work environment, but Mannion "condoned it." Id. ¶ 10. Further, "Mannion himself had a history of making sexually charged and vulgar comments about the female staff." Id. ¶ 11. Red Lobster "allowed the sexually hostile work environment to persist despite being on notice of it," and the alleged unlawful employment practices "are [still] now being committed." Compl. ¶¶ 2, 12.

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed the instant lawsuit against Red Lobster in September 2013 pursuant to Section 706, 42 U.S.C. § 2000e-5, of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., seeking, inter alia, a permanent injunction enjoining Red Lobster from engaging in sexual harassment; compensation to Serman, Cox, and the similarly situated female employees for past and future pecuniary

and nonpecuniary losses; and punitive damages.  Compl. at 4-5.

By the instant Motion, "Red Lobster seeks dismissal of all claims in the Complaint that relate [to] events occurring more than 300 days before the filing of the first administrative charge on which the EEOC bases this case, specifically, the claims of all individuals who were allegedly subject to sexual harassment prior to February 17, 2010."  [Document 12-1] at 1.

II.  DISCUSSION

Regretfully, the parties have filed needlessly extensive briefings that debate matters beyond the scope of the instant Motion.[2] The Court will focus this discussion on the issue presented in Red Lobster's Motion.

---

[2]  For example, Red Lobster argues that the EEOC's introduction of exhibits attached to its Response in Opposition to the instant Motion is "troubling" in light of allegedly unfulfilled Freedom of Information Act requests.  See [Document] 21 at 5.  The EEOC contends that the Court can consider the exhibits – which include a Discrimination Complaint Form filled out by Racheal Cox in February 2011 and the EEOC Determination letters issued after the Serman and Cox investigations - attached to its Response because they are integral to and relied upon in the Complaint.  The parties also devote considerable time to arguing about the legal standard used to resolve a claim brought pursuant to Section 707 of Title VII for an alleged pattern or practice of discrimination.  However, the Complaint does not contain a Section 707 claim, and the EEOC states it has no intention of pursuing one in connection with the instant case.  See [Document 19] at 12 ("EEOC brought this case pursuant to Section 706, as it is a relatively small sexual harassment case involving one facility where the primary harasser was employed by Defendant for a limited span of years.").

A. <u>Section 706 of Title VII</u>

The EEOC asserts a claim under Section 706 of Title VII of the Civil Rights Act of 1964. Title VII makes it unlawful for an employer "to discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). Section 706 is one of the two enforcement provisions that allow the EEOC to bring a civil action against an employer for violations of Title VII.[3] <u>See</u> <u>id.</u> § 2000e-5(f)(1). Section 706 authorizes the EEOC to bring an action "to prevent any person from engaging in any unlawful employment practice as set forth in section 2000e-2." 42 U.S.C. § 2000e-5(a).

Under Section 706, the EEOC may seek equitable relief on behalf of employees subject to violations of Title VII. In an action brought pursuant to Section 706, the EEOC may also obtain, for such employees, legal relief including compensatory and punitive damages.[4]

---

[3] The other enforcement provision is Section 707, 42 U.S.C. § 2000e-6(a), (c).

[4] <u>See</u> 42 U.S.C. § 2000e-5(e)(3)(B) ("In addition to any relief authorized by section 1981a of this title [which includes compensatory and punitive damages], liability may accrue and an aggrieved person may obtain [equitable] relief as provided in subsection (g)(1), including recovery of back pay . . . ."),

B.   The Issue Presented

As clarified in its Reply to the instant Motion, Red Lobster requests that this Court "bar [the EEOC] from seeking relief for women who it alleges may have experienced a hostile work environment <u>before, but not after, February 17, 2010</u>." [Document 21] at 2 (emphasis added).  However, there is no dispute between the parties because the EEOC explicitly states that it "<u>does not intend to seek relief</u> for any aggrieved individual in this matter <u>unless she was subjected to at least one act of harassment within 300 days of the filing of Serman's charge</u>, i.e., that any such act (regardless of whether it is independently actionable) occurred after February 17, 2010."[5] [Document 24-1] at 1 (emphasis added).

Title VII states that "[a] charge under [Section 706] shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C.A. § 2000e-5(e)(1).

The EEOC bases the instant lawsuit upon the Charges of Discrimination that Serman and Cox filed with the EEOC.  Serman filed

---

[5]   The Court notes that there may be a debatable issue as to whether the EEOC might be able to seek relief under its Section 706 hostile work environment claim on behalf of individuals who only experienced acts of harassment before February 17, 2010.  See <u>E.E.O.C. v. Swissport Fueling, Inc.</u>, 916 F. Supp. 2d 1005, 1033-34 (D. Ariz. 2013).  However, the EEOC's position in the instant case renders the matter moot.

5

her charge of discrimination on December 14, 2010.[6]  See [Document 12-2].  Cox filed her Charge of Discrimination on June 6, 2011.[7]  See [Document 19-2].  The Court can consider the Charges of Discrimination because when examining a Rule 12(b)(6) motion, the Court does not always have to limit its review to the pleadings.  It may take judicial notice of public records, including statutes, and "may also 'consider documents incorporated into the complaint by reference,' 'as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'"  United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency, 745 F.3d 131, 136 (4th Cir. 2014) (citations omitted); see also Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999);[8] Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 538 n.3 (E.D.N.C. 2008) ("The court takes judicial notice of plaintiff's EEOC charge and the EEOC right-to-sue letter.").

The Supreme Court of the United States has noted that:

> A hostile work environment claim is composed of

---

[6]   Serman's Charge of Discrimination is attached to Red Lobster's Motion.  See [Document 12-2].
[7]   Cox's Charge of Discrimination is attached to the EEOC's Response in Opposition to the instant Motion.  See [Document 19-2].
[8]   See Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999) ("The Dow Jones article in which Thompson's 'not for sale' statement is reported contains a summary of much of this information. We note that although the stockholders failed to attach that article to their complaint (LCI attached it to its motion to dismiss), a court may consider it in determining whether to dismiss the complaint because it was integral to and explicitly relied on in the complaint and because the plaintiffs do not challenge its authenticity.")

>       a series of separate acts that collectively
>       constitute one "unlawful employment practice."
>       42 U.S.C. § 2000e-5(e)(1).  The timely filing
>       provision only requires that a Title VII
>       plaintiff file a charge within [300] days after
>       the unlawful practice happened.  It does not
>       matter, for purposes of the statute, that some
>       of the component acts of the hostile work
>       environment fall outside the statutory time
>       period.  Provided that an act contributing to
>       the claim occurs within the filing period, the
>       entire time period of the hostile environment
>       may be considered by a court for the purposes
>       of determining liability.

Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002).

In sum, to the extent that the Complaint may be read to assert claims on behalf of individuals who experienced a hostile work environment only before February 17, 2010, those claims shall be dismissed.  However, the Court is not now addressing any issues regarding the admissibility of evidence relating to such individuals.

IV.  CONCLUSION

For the foregoing reasons:

1. Defendant's Partial Motion to Dismiss Plaintiff's Complaint [Document 12] is GRANTED IN PART.

2. To the extent that the Complaint may be read to assert claims on behalf of individuals who experienced a hostile work environment only before February 17, 2010, those claims are hereby dismissed.

3. Plaintiff EEOC shall arrange a case planning telephone conference to be held by September 8, 2014.

SO ORDERED, on Monday, August 4, 2014.

>         _____/s/_____
>          Marvin J. Garbis
>      United States District Judge