## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                                         )      Civil Action No.
                                          )      1:13-cv-02860-MJG
          Plaintiff, )
                                            )
   v. )
                                            )
                                            )
RED LOBSTER RESTAURANTS LLC, )
                                            )
         Defendants. )

### CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity

Commission ("the EEOC" or "the Commission"), against Defendant GMRI, Inc., d/b/a Red

Lobster, ("Defendant GMRI") alleging violations of Section 703(a) of Title VII of the Civil

Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-2(a).  In the Complaint,

EEOC alleges that, since at least 2007, Defendant GMRI violated Title VII by subjecting

Claimants Valerie Serman, Racheal Cox, and Jennifer Tolbert (f/k/a "Jennifer Hickman"),

former kitchen employees at its Salisbury, Maryland Red Lobster restaurant, to a sexually hostile

work environment that was promulgated primarily by the Culinary Manager. In July 2014, Red

Lobster was sold by Defendant GMRI and the Salisbury, Maryland Red Lobster restaurant is

currently operated and managed by Red Lobster Restaurants LLC, ("Defendant Red Lobster" or

"Defendant") which has replaced Defendant GMRI as the defendant in this litigation.

The Commission and Defendant desire to resolve this action without the time and

expense of a jury trial, and they desire to formulate a plan to be embodied in a Decree which will

promote and effectuate the purposes of Title VII.  Neither the negotiation of nor the agreement to

1

this Decree is to be construed as an admission or acknowledgement by former Defendant GMRI or Defendant Red Lobster of wrongdoing or liability.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due consideration of the record herein, it is ORDERED, ADJUDGED AND DECREED:

1. This Decree resolves all issues and claims alleged in the Complaint filed by the Commission in this Title VII action, which emanated from Charges of Discrimination filed by Valerie Serman and Racheal Cox. The relief outlined below in this Decree is limited geographically in scope to Defendant's Salisbury, Maryland location, referred to as Store No. 615.

2. This Decree shall be in effect for a period of two (2) years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3. Defendant, its officers, agents, servants, employees, successors, and assigns, are hereby enjoined from engaging in sex-based harassment of any employee, and from condoning the sex-based harassment of any employee. The prohibited harassment includes the use of offensive or derogatory comments, or other verbal or physical conduct based on sex, which creates an intimidating, hostile, or offensive working environment, or interferes with the individual's work performance. Such harassment violates Title VII, which, in part, is set forth below:

It shall be an unlawful employment practice for an employer --
(1) ... to discriminate against any individual with respect to [his or her] ... terms, conditions, or privileges of employment, because of such individual's race [or] sex ....

2

42 U.S.C. § 2000e-2(a)(1).

Defendant, its officers, agents, servants, employees, successors, and assigns, are further enjoined

from retaliating against any employee who complains of discrimination, as set forth in the

following provision:

> It shall be an unlawful employment practice for an employer to discriminate against any
> of his employees ... because he has opposed any practice made an unlawful employment
> practice by this subchapter, or because he has made a charge, testified, assisted, or
> participated in any manner in an investigation, proceeding, or hearing under this
> subchapter.

42 U.S.C. § 2000e-3(a).

    4.     Within twenty days after entry of this Decree, Defendant shall pay a total of

$160,000, representing compensatory damages, to resolve this action. The distribution of this

amount among the three Claimants shall be determined by the EEOC. As soon as reasonably

possible, the EEOC shall provide Defendant with a distribution list setting forth the names,

addresses and monetary allocations for each Claimant. Within 20 days after the date of entry of

this Decree, Defendant will send the checks directly to each Claimant, and it will send copies of

each check and the related correspondence to the EEOC's counsel of record. If any check is

undeliverable or returned, counsel for Defendant will promptly notify EEOC counsel, who

diligently will attempt to locate the Claimant and thereafter provide Defendant with a correct

address. In the event a Claimant cannot be located after 45 days, the amount of her payment will

be donated to a non-profit organization selected by the EEOC. Defendant will make no

withholdings from those payments designated compensatory damages, and will issue for the

2015 tax year IRS Form-1099s for those payments. Claimants shall be responsible for all  tax

consequences as a result of receiving these payments.

3

5.      Within 120 days from the date of entry of the Decree, all Defendant's employees, both management and non-management, who work out of the facility located in Salisbury, Maryland, will attend a training program lasting at least one hour. The training will cover the prevention of employment discrimination and compliance with federal anti-discrimination laws, with an emphasis on the prohibitions against sexual harassment and retaliation. The training will be video-recorded and played to any and all staff who did not attend the live training. The training will be conducted by an outside consultant or law firm approved by the EEOC. This approval will not be unreasonably withheld. Defendant will notify the EEOC of the identity of the proposed trainer within 14 days of the entry of this Decree. In the event the proposed trainer is not acceptable to the EEOC, the parties will confer in good faith and attempt to reach an agreement no later than 10 days after Defendant receives the EEOC's objection. In the event the parties are unable to reach an agreement, they shall submit their dispute to the Court with a request for a referral to a United States Magistrate for resolution of the issue.

6.      Defendant will maintain and periodically update, if needed, its written policies and procedures prohibiting sexual harassment and retaliation, and setting forth its complaint procedures, attached as Appendix A.

7.      Within five business days after entry of the Consent Decree, Defendant will post immediately, in all places where notices to employees customarily are posted, the Notice attached hereto and made a part hereof as Appendix B. Said Notice shall be posted and maintained for the life of the Consent Decree and shall be signed by the responsible management officials with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new, readable copies of the Notice are posted in the same manner as heretofore specified. Within 10 days of approval of this

4

Decree, Defendant shall forward to the EEOC's attorney of record a copy of the signed Notice

attached hereto and written certification that the Notice referenced herein has been posted and a

statement of the date(s) of posting.

8.      All materials required by this Decree to be sent to the EEOC shall be addressed

to:

> Equal Employment Opportunity Commission
> Baltimore Field Office
> Attn: Maria Morocco
> 10 S. Howard Street
> Baltimore, MD 21201

9.      The Commission and Defendant shall bear their own costs and attorneys' fees

with regard to the Commission's lawsuit against Defendant.

10.     The case shall be and hereby is dismissed with prejudice, subject to this Court's

jurisdiction to enforce provisions of this Consent Decree. Except as otherwise provided in

paragraph 5 of this Decree, if at any time during the duration of this Decree it is alleged that a

violation of its terms has occurred or a dispute arises over its interpretation, prior to taking any

action seeking judicial relief to enforce this Decree or resolve any dispute over compliance with

its terms, the party claiming an alleged failure to comply will notify the other party in writing of

the alleged failure, will afford at least twenty days within which to respond and/or cure any

alleged non-compliance, and will attempt in good faith to informally resolve those concerns.

Notice shall be made to undersigned counsel for the parties.

The undersigned counsel of record hereby consent to the entry of the foregoing Consent Decree.

Respectfully submitted,

FOR PLAINTIFF:

By: _____

Debra M. Lawrence, Regional Attorney
Maria L. Morocco, Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street
Baltimore, MD 21201

Iris Santiago-Flores
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
801 Market Street
Penthouse, Suite 1300
Philadelphia, Pennsylvania 19107-3127
(215) 440-2684 (tel.)
(215) 440-2848 (fax)
E-mail: Iris.Santiago-Flores@eeoc.gov

FOR DEFENDANT RED LOBSTER RESTAURANTS
LLC:

By: _____

Gerald L. Maatman, Jr.*
gmaatman@seyfarth.com
Ada W. Dolph*
adolph@seyfarth.com
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603-5577
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
*Admitted Pro Hac Vice

Eric J. Janson (D. Md. Bar No. 16928)
ejanson@seyfarth.com
SEYFARTH SHAW LLP
975 F Street N.W.
Washington, DC 20004-1454
Telephone: (202) 463-2400
Facsimile: (202) 828-5393

Rebecca S. Bjork (D. Md. Bar No. 18304)
rbjork@seyfarth.com
SEYFARTH SHAW, LLP
975 F Street, N.W.
Washington, D.C. 20004
(202) 463-2400 (Tel.)
(202) 828-5393 (Fax)

Counsel for
Red Lobster Restaurants LLC

**SO ORDERED.**

Signed and entered this $29^{rh}$ day of ___April___, 2015.

_____/s/_____

Hon. Marvin J. Garbis
United States District Court Judge

7

# APPENDIX A

**Non-Discrimination Policy**

At Red Lobster, you work at a company where we embrace diversity by respecting and cherishing the distinctions our employees and suppliers bring. The Company is deeply committed to providing an environment that is free of discrimination for our employees as well as our guests. The Company strictly prohibits any form of unlawful discrimination by or from any of our employees, vendors or guests. Unlawful discrimination in the workplace based upon sex, race, color, religion, age, national origin, disability, sexual orientation, gender identity or expression, or any other prohibited basis not only demonstrates a lack of judgment and good common sense, it violates our personnel policies and practices, the law and our principle of commitment to mutual respect.

The Company is also committed to the equal employment of individuals regardless of sex, race, color, religion, age, national origin, disability, sexual orientation, gender identity or expression or any other protected category. Unlawful discrimination in hiring, promotion, terms and conditions of employment, discipline and termination of employees on the basis of any protected category is strictly prohibited by the Company.

**Reporting Discrimination**

If you believe that you have experienced or witnessed unlawful discrimination in violation of this policy, it is VERY IMPORTANT that you REPORT SUCH CONDUCT immediately to your General Manager, Director of Operations, Regional Vice President or Senior Vice President. A toll-free number is also available to directly contact Employee Relations if you are uncomfortable speaking with or if your issue is not resolved by the individuals identified above.

Complaints will be handled as confidentially as possible and will be investigated and resolved promptly. Where complaints are found to have merit, appropriate disciplinary action will be taken against the offender -up to and including termination of employment.

## Our Commitment to an Effective Non-Discrimination Policy

There will be no retaliation against any employee for making a good faith complaint under this policy or for participating in any investigation conducted pursuant to this policy. If you feel that you are being retaliated against as a result of your good-faith complaint of a violation of this policy, you should report your belief to your General Manager, Director of Operations, Regional Vice President, Senior Vice President or to Employee Relations. For the protection of the interests of persons wishing to report violations of this policy, the Company does not require individuals to report incidents of harassment to their immediate supervisors, but can utilize the Open Door phone number.

## Sexual and Other Unlawful Harassment

Harassment based on race, color, sex, religion, age, national origin, disability, sexual orientation, gender identity or expression or any other legally protected group is also unlawful discrimination. Such harassment that creates an abusive or hostile working environment is also prohibited by the Company. Respect and Caring is one of our core values and harassment simply has no place here.

Sexual harassment is misconduct that deprives employees of a workplace free from unwanted and unwelcome sexual overtones. Sexual harassment may include unwelcome sexual advances, requests for sexual favors, or other verbal, non-verbal, or physical conduct of a sexual nature when such conduct creates an offensive, hostile, and intimidating working environment and prevents individuals from effectively performing the duties of their position.

Some examples of conduct that may create a hostile work environment if based on a protected status also include:

- Inappropriate touching
- Verbal acts such as derogatory comments, name-calling or continual taunting based on a protected group;
- Conduct that is physically threatening, harmful or humiliating;
- Taking advantage of employees with physical or mental disabilities, such as encouraging inappropriate behavior;
- Jokes, drawings, photographs, etc., that are offensive to the reasonable person in a protected group.

9

Sometimes an action that is not intended to be discriminatory or harassing can nevertheless be viewed or perceived by the other person, employee or guest in a different way and thereby becomes a problem. The best rule of conduct is simple: treat everyone the same way you expect and want to be treated.

## Reporting Harassment

If you believe that you have experienced or witnessed sexual or other unlawful harassment in violation of this policy, it is VERY IMPORTANT that you REPORT THIS CONDUCT to your General Manager, Director of Operations, Regional Vice President or Senior Vice President. A toll-free number is also available to directly contact Employee Relations if you are uncomfortable reporting to, or if your issue is not resolved by, the individuals identified above.

Complaints will be handled as confidentially as possible and will be investigated and resolved promptly. Where complaints are found to have merit, appropriate disciplinary action will be taken against the offender-up to and including termination of employment.

## Our Commitment to an Effective Non-Harassment Policy

There will be no retaliation against any employee for making a good-faith complaint under this policy or for participating in any investigation conducted pursuant to this policy. If you feel that you are being retaliated against as a result of your good-faith complaint of a violation of this policy, you should report your belief to your General Manager, Director of Operations, Regional Vice President, or Senior Vice President, or to Employee Relations. For the protection of the interests of persons wishing to report violations of this policy, the Company does not require individuals to report incidents of harassment to their immediate supervisors, but can utilize the Open Door phone number.

**Addressing Workplace Issues: The Open Door and DRP**

Essential to our values of Respect and Caring, and Integrity and Fairness is a commitment to open and honest communication. If you ever have a workplace issue or dispute, your first and fastest step is to use the Open Door to talk to one of your restaurant managers, General Manager, your Director of Operations, Regional Vice President, Senior Vice President or the Employee Relations Department. Any of these people will listen to you and help address your concern before it becomes too much of a problem. That is because an open and honest exchange by the people closest to the problem provides the best insight and opportunity for solving it. The Open Door also guarantees you can discuss any issue without fear of retaliation. If the Open Door does not initially resolve your issue, however, you are free to continue with the Dispute Resolution Process (DRP), as outlined in the DRP handbook and on the DRP poster posted in your restaurant. DRP consists of four steps: (1) The Open Door, (2) Peer Review, (3) Mediation and (4) final and binding Arbitration. You should have received a DRP handbook with additional details during your orientation. For an additional copy of the handbook, or more information, you should see your General Manager or call the DRP Department.

# APPENDIX B

### NOTICE TO EMPLOYEES
### POSTED PURSUANT TO A CONSENT DECREE BETWEEN
### THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### & RED LOBSTER RESTAURANTS LLC

Under Section 703(a) of Title VII, it is unlawful for an employer to "discriminate against any individual with respect to his [or her]... terms, conditions, or privileges of employment because of such individual's ... sex ...."

Harassment on the basis of sex violates Title VII.  The use of offensive or derogatory comments, or other verbal or physical conduct based on an individual's sex constitutes unlawful harassment if the conduct creates an intimidating, hostile, or offensive working environment, or interferes with the individual's work performance.

Under Section 704(a) of Title VII, "it shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

**WE WILL NOT** engage in any acts or practices made unlawful by the above sections.

**WE WILL NOT** engage in any harassment of employees based on sex.

**WE WILL NOT** retaliate against employees for complaining about harassment based on sex.

### RED LOBSTER RESTAURANTS LLC

Dated: _____     By: _____

(Representative)(Title)